## Roswell B. Bacon

*v.*

## William Malzacher.

*Filed at Ottawa May 12, 1882.*

Election— *effect of irregularities.* Upon the contest of an election, before the county court, it appeared the election officers in one of the precincts had committed some irregularities, for which the board of canvassers had rejected the entire returns from that precinct. There was nothing, however, indicating any unfairness or fraud in the election, and the ballots had all been preserved and returned, and were counted, in the proceeding in the county court, and the result declared accordingly, different from that reached by the board of canvassers. On appeal, this action of the county court was sustained.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding.

Mr. Samuel Appleton, for the appellant:

The canvassing board rejected the election returns from the fifth and sixth precincts of the Fifth ward. On the contest the envelope returned in the ballot box of the fifth precinct was opened, and the votes for supervisor counted, resulting as follows: For William Malzacher, 14 votes; William Malzbacher, 499 votes; Roswell B. Bacon, 151 votes; R. B. Bacon, 37 votes. The county court ordered that the votes cast for William Malzacher and William Malzbacher should be counted as cast for William Malzacher, which we claim was error.

The following grounds of objection are urged to the admission of the votes of the sixth precinct of the Fifth ward:

*First*—The election was not conducted in an orderly manner, and according to law.

*Second*—The election was held in an engine house, and the clerk was absent during forty minutes in the middle of the day, and some persons, not officers, engaged in counting the votes on two different tables, and some of the ballots were found on the floor. It was also testified to, that the ballots taken during the absence of the clerk were counted; besides, the package of votes was not sufficiently identified.

Messrs. Hynes, English & Dunne, for the appellee, contended from the evidence that the packages of votes objected to were properly identified, and found properly sealed up and in the custody of the proper officers.

Mere irregularities in conducting an election, not proceeding from any wrongful intent, will not justify the rejection of the entire vote polled. *Hodge* v. *Linn*, 100 Ill. 397.

The rules prescribed by the statute in respect to these particulars are directory merely. *Hodge* v. *Linn*, 100 Ill. 397.

So it has been repeatedly held heretofore, that mere irregularities on the part of the officers, or omission to observe some mere direction of law, will not vitiate an election. *Gilliland* v. *Schuyler*, 9 Kansas, 569; *Morris* v. *Van Landingham*, 11 id. 269; *Pyatt* v. *People*, 29 Ill. 72.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

At an election held on April 5, 1881, in the town of South Chicago, Bacon and Malzacher were rival candidates for the office of supervisor of that town. The board of canvassers for that town, upon a canvass of the returns, declared as the result of that election in this regard, that Malzacher received 7526 votes for that office, and that Bacon received 8189 votes for the same office. Bacon was declared duly elected. He qualified as such supervisor, and entered upon the duties of the office. Malzacher instituted proceedings under the statute, in due time, in the county court of Cook county, to contest the election, and asking for judgment declaring himself to be duly elected and entitled to the office. In that investigation it was made to appear that the returns from two election precincts had been entirely rejected by the board of canvassers, and that had the votes returned from these precincts been received and canvassed, the result would have shown that Malzacher really received a larger number of votes for that office than did Bacon. On the hearing, the county court ordered the votes returned from these rejected precincts to be counted, and decided the controversy in favor of Malzacher. Bacon appeals to this court.

The evidence produced before the county court is preserved by bill of exceptions, and appellant insists that it shows such irregularities in the proceedings at one of the precincts, that the whole vote of that precinct ought to have been rejected, which would have led to a different result. We have examined and considered this evidence. While it is apparent that the judges and clerks of the election in that precinct did not

perform their duties with the care and accuracy required by the law, still the ballots seem all to have been preserved and returned.    There is nothing indicating any unfairness or fraud in the election, and upon the whole, we think the decision of the county court was right.    It could profit no one to discuss this evidence in detail.

Believing that the county court arrived at the truth, we hold that the judgment should be affirmed.

*Judgment affirmed.*